UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Donovan Dejuan Brown,<br><br>                    Petitioner,<br><br>v.<br><br>Michelle Smith,<br><br>                    Respondent. | Case No. 16-cv-1207 (SRN/HB)<br><br><br>**REPORT AND RECOMMENDATION** |
Donovan Dejuan Brown, OID# 228814, MCF-Oak Park Heights, 5329 Osgood Avenue North, Stillwater, MN 55082, pro se

James B. Early and Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St Paul, MN 55101, and Peter R. Marker, Assistant Ramsey County Attorney, 345 Wabasha Street North, Suite 120, Saint Paul, MN 55102, for Michelle Smith

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on the State of Minnesota's Motion to Dismiss [Doc. No. 17] the amended petition for writ of habeas corpus filed by Donovan Dejuan Brown (Am. Pet. [Doc. No. 12].)  The Court also addresses Petitioner's non-dispositive motions in this Report and Recommendation: Motion to Stay Habeas Corpus Proceedings on Remand to the State Courts for Exhaustion [Doc. No. 21]; Renewed Motion for the Appointment of Counsel [Doc. No. 24]; Motion to Accept Nonconforming Appeal Papers [Doc. No. 25]; Motion to Stay Motion for the Appointment of Counsel and Remand to the State Court for Exhaustion and Relief [Doc. No. 28]; and Motion Requesting

Extension of Time to File Postconviction Petition, Brief and Motions with the Minnesota Court Of Appeals [Doc. No. 30].

Petitioner is incarcerated at the Minnesota Correctional Facility in Oak Park Heights, Minnesota, and filed his habeas petition pursuant to 28 U.S.C. § 2254. The motion to dismiss has been referred to this Court pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for the issuance of a report and recommendation. For the reasons set forth below, the Court recommends that the motion to dismiss be granted, the petition be dismissed, and no certificate of appealability be granted. Furthermore, nothing in Petitioner's motions would affect the Court's recommendation, and thus the Court recommends that Petitioner's motions be denied as moot.

## I.     Background

On April 28, 2009, a jury convicted Petitioner of second-degree attempted murder; first-, second-, and third-degree assault; and four counts of terroristic threats deriving from an assault with a box cutter on his estranged wife in the presence of three children. *Brown v. State*, No. A11-1308, 2012 WL 1253095, at *1 (Minn. Ct. App. April 16, 2012). On April 29, 2009, Petitioner was sentenced to twenty years for the attempted second-degree murder conviction and three consecutive one-year-and-one-day sentences for the convictions of terroristic threats against the children. (Am. Pet. at 1[1].) Petitioner voluntarily dismissed direct appeal proceedings on May 7, 2010, following the submission of parties' briefs. (*See* App. Resp't's Mem. Supp. Mot. Dismiss (Dismissal Order, dated May 7, 2010) [Doc. No. 19].)

---

[1] The Court uses ECF page numbers in citing to the Petition.

On April 27, 2011, 354 days following Petitioner's voluntary dismissal of direct appeal, Petitioner filed a motion for postconviction relief in Ramsey County District Court. (*See* App. Resp't's Mem. Supp. Mot. Dismiss (Filing Letter, dated Apr. 27, 2011).) Petitioner asserted that he was entitled to postconviction relief because: (1) the state failed to provide sufficient evidence to support the terroristic-threats convictions; (2) the district court erred by submitting to the jury a first-degree assault charge as a lesser-included offense of second-degree attempted murder; (3) the district court committed plain error by not instructing the jury on first-degree heat-of-passion manslaughter; and (4) at least six of eight aggravating factors were invalid or improper to support an upward sentencing departure and the departure was "tainted by judicial bias and inappropriate personal hostility." *Brown*, 2012 WL 1253095 at *1. The state district court denied the postconviction motion on June 13, 2011. *Brown v. State*, 2011 WL 9378007 (Minn. Dist. Ct. June 13, 2011). Petitioner appealed to the Minnesota Court of Appeals, which issued an opinion affirming the lower court decision on April 16, 2012. *Brown*, 2012 WL 1253095 at *9. Petitioner's petition for review to the Minnesota Supreme Court was denied on June 27, 2012. (*See* App. Resp't's Mem. Supp. Mot. Dismiss (Order Denying Review).)

Petitioner filed a second motion for postconviction relief in Ramsey County District Court on January 19, 2016. (Am. Pet. at 4.) According to Petitioner's amended habeas petition, Petitioner argued in that motion that (1) he was denied the effective assistance of trial counsel; (2) he was denied the effective assistance of appellate counsel; (3) prosecutorial misconduct; and (4) he was denied counsel without making a knowing

3

and intelligent wavier of his Sixth Amendment right to counsel. (Am. Pet. at 4.) The postconviction court denied the motion in an order dated March 22, 2016. (Am. Pet. at 4.)

Petitioner filed the instant petition in federal court on May 9, 2016. On June 24, 2016, the undersigned issued an order directing Respondent to file either a written answer to the petition or a motion to dismiss the petition [Doc. No. 16]. Respondent filed a motion to dismiss the petition on July 22, 2016, asserting Petitioner's claims are time-barred under 28 U.S.C. § 2244(d)(1)(D) [Doc. No. 17]. Respondent notes that more than one year has passed between the date on which Petitioner's postconviction petition for review to the Minnesota Supreme Court was denied and the date he filed his federal habeas petition. (Resp't's Mem. Supp. Mot. Dismiss at 3 [Doc. No. 18].) Petitioner did not file a response to Respondent's motion within the thirty days allowed and has not explained why his claims are timely under 28 U.S.C. § 2244(d).

## II.   Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year period of limitations begins on the latest of four possible events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

>of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The statute of limitations is tolled while a state postconviction motion is pending. 28 U.S.C. § 2244(d)(2).

### A. Petitioner's Habeas Claims Are Untimely

Respondent contends that Petitioner's grounds for relief are untimely under § 2244(d)(1), and after an independent review, this Court agrees. As Petitioner experienced no unconstitutional, state-created impediment to the filing of his petition; newly recognized constitutional right; or the discovery of a previously unknown factual predicate of Petitioner's claims, such claims are subject to § 2244(d)(1)(A). Thus, the statute of limitations on Petitioner's claims began to run on the date his judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." (*Id.*)

Petitioner concluded direct review when he voluntarily dismissed his appeal on May 7, 2010. As such, the one-year clock for Petitioner's claims began to run the day after, May 8, 2010, pursuant to § 2244(d)(1)(A). The clock ran for 354 days until it was tolled by the filing of Petitioner's first postconviction motion on April 27, 2011. The clock remained stopped until the Minnesota Supreme Court denied review on June 27,

5

2012, at which point the clock was triggered and began ticking the following day, June 28, 2012. Taking into account the 354 days already passed, the one-year period for Petitioner to seek habeas relief for his claims would have expired eleven days later, on July 8, 2012. Since that day was a Sunday, and Federal Rule of Civil Procedure 6(a)(1)(C) provides that if the last day of a period falls on a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday," the one-year period continued to run until the end of the next day, Monday, July 9, 2012. Petitioner did not file his second motion for postconviction relief until January 19, 2016, 1,288 days after the expiration of the statute of limitations. Counting the forty-eight days between the conclusion of Petitioner's second postconviction review on March 22, 2016, and the filing of Petitioner's habeas petition on May 9, 2016, Petitioner's petition was filed 1,654 days – more than four and a half years – after the expiration of the AEDPA's one-year statute of limitations. Accordingly, Petitioner's grounds are time-barred under § 2244(d)(1)(A), and his claims should be dismissed.

Although Petitioner did not make an argument for equitable tolling, in the interests of thoroughness and fairness, the Court will consider whether the present record could support an application of the doctrine. Equitable tolling is available to save an untimely habeas claim "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" or when the respondent lulled the petitioner into inaction. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) (quoting *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)); *see also White v. Dingle*, 616 F.3d 844,

847 (8th Cir. 2010) ("Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way."). In his final non-dispositive motion, Petitioner states that he has been complaining to prison staff of pain since October 1, 2015, and this has impeded his access to the courts [Doc. No. 30]. But Petitioner's time to file his habeas petition expired long before October 2015. The Court can discern no other events that could invoke equitable tolling for the more than 1600 days after expiration of the AEDPA's one-year statute of limitations.

## B. Petitioner's Non-Dispositive Motions

Petitioner has filed several non-dispositive motions in this matter. After an independent review of each, and in view of this Court's recommendation that his petition be denied as time-barred, the Court recommends each motion be denied.

Petitioner's first non-dispositive motion is one to stay habeas corpus proceedings and remand to the state courts to exhaust his claims [Doc. No. 21]. The Court recommends denying this motion because there is no reason to stay habeas corpus proceedings when the statute of limitations has expired. Even if Petitioner subsequently exhausted his claims in state court, he would not be able to petition successfully for habeas corpus because he has already waited more than one year to file his petition.

Petitioner's next motion is a renewed motion for the appointment of counsel [Doc. No. 24]. "In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Instead, "a court 'may request an attorney to represent any person unable to afford counsel.'" *Id.* (quoting

28 U.S.C. § 1915(e)(1)).  In deciding whether to appoint counsel, courts consider "the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims." *Id.*

Here, the Court finds that neither the facts nor the legal issues raised in the petition are so complex as to warrant appointment of counsel.  Moreover, the main issue in this matter is whether Petitioner's habeas corpus petition is time-barred, which it is by several years.  Accordingly, the Court does not believe the appointment of counsel would substantially benefit Petitioner or the Court and the Court recommends denying this motion.

Petitioner's next motion is a motion for the Court to "accept nonconforming appeal papers in the form of a motion, declaration, and memorandum of law in support for the appointment of counsel" [Doc. No. 25].  The Court recommends denying this motion as moot in view of its recommendation that Petitioner not be appointed counsel.

Petitioner's next motion is for the Court to stay the decision on the appointment of counsel and remand to the state courts for exhaustion [Doc. No. 28].  Again, the Court recommends denying this motion as moot based on the Court's recommendation that Petitioner not be appointed counsel and that this case not be stayed pending further proceedings in the state courts.

Petitioner's final motion is to extend the time for him to file a postconviction petition, brief, and motions to the Minnesota Court of Appeals to January 1, 2017 [Doc. No. 30].  Despite Petitioner's belief, this Court was not required to notify him of the

amount of time he had to file anything with the Minnesota Court of Appeals, and in any event has no authority to alter the rules of the Minnesota Court of Appeals with regard to its filing deadlines. And even if Petitioner had more time to file something with the Minnesota Court of Appeals, it would not change the fact that any subsequent or renewed habeas petition would be untimely under the AEDPA.

### C.     Certificate of Appealability

Before appealing a final ruling on a federal habeas petition, a state prisoner must be granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). The Court cannot grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).

The Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than recommended here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. The Court therefore recommends that Petitioner not be granted a COA in this matter.

### III. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The State of Minnesota's Motion to Dismiss [Doc. No. 17] be **GRANTED**;

2. Donovan Dejuan Brown's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 12] be **DISMISSED**;

3. A certificate of appealability **NOT BE GRANTED**;

4. Petitioner's Notice of Motion and Motion to Stay Habeas Corpus Proceedings on Remand to the State Courts for Exhaustion [Doc. No. 21] be **DENIED** as moot;

5. Petitioner's Renew Motion for the Appointment of Counsel [Doc. No. 24] be **DENIED** as moot;

6. Petitioner's Motion to Accept Nonconforming Appeal Papers [Doc. No. 25] be **DENIED** as moot;

7. Petitioner's Notice of Motion and Motion to Stay Motion for the Appointment of Counsel and Remand to the State Court for Exhaustion and Relief [Doc. No. 28] be **DENIED** as moot;

8. Petitioner's Motion Requesting Extension of Time to File His Postconviction Petition, Brief and Motions with the Minnesota Court Of Appeals [Doc. No. 30] be **DENIED** as moot; and

9. **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 4, 2016         s/ *Hildy Bowbeer*
                                HILDY BOWBEER
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.